UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-60099-CIV-MORENO

LOUISE EXIME, on her own behalf and others
similarly situated,

      Plaintiff,

vs.

E.W. VENTURES, INC., a Florida Corporation,
and KEVIN HAGENSTAD,

      Defendants.
_____/

## ORDER DENYING MOTION FOR JUDICIAL DISQUALIFICATION AND RECUSAL

"Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." Judge Jerome Frank's words poignantly describe the recusal issue before the Court in this case. Defendants' counsel seeks to recuse Judge Patricia A. Seitz from presiding over what is left of this case. Defendants won their jury trial and Judge Seitz entered judgment in their favor. Now that this case is closed, Defendants' counsel has filed a motion to disqualify Judge Seitz from deciding the remaining cost issues. Forming the basis of the recusal motion is Defendants' perception of Judge Seitz's demeanor during the trial and her evidentiary rulings. Defendants' counsel also indicates that Judge Seitz sanctioned him and referred him to the Florida Bar, the Massachussetts Bar, and the D.C. Bar for what she viewed as unethical litigation tactics used in a prior case over which she presided, *Bernal v. All American Investment Realty, Inc., et al.*, Case No. 05-60956-CIV-SEITZ. After carefully considering the statutory standards and the case law, the Court concludes that the motion for judicial disqualification and recusal should be denied as the

actions complained about do not rise to the level requiring recusal.

THIS CAUSE came before the Court upon Defendants' Motion for Judicial Disqualification and/or Recusal **(D.E. No. 99)**, filed on **April 22, 2009**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons stated in this order.

### I. Background

Defendants' counsel, Mr. Chris Kleppin, filed a motion to recuse or disqualify Judge Patricia A. Seitz nearly two months after a jury rendered a verdict in his clients' favor in this Fair Labor Standards Act case. Now that Defendants are moving for costs, they are seeking to recuse or disqualify Judge Seitz. In the motion, Defendants claim that Judge Seitz's demeanor during the three-day trial showed that she had an apparent or actual bias or prejudice against Defendants and Defendants' counsel. To support this allegation, Defendants provided the Declaration of Kevin Hagenstad. Mr. Hagenstad states that during *voir dire*, Judge Seitz asked questions, which he believed favored the Plaintiff. For example, she asked whether any potential jurors had any predispositions siding with employers but she did not ask whether any had predispositions siding with employees. Mr. Hagenstad said that Judge Seitz berated Mr. Kleppin for not knowing the rules of evidence and procedure and that she showed her personal dislike of Mr. Kleppin throughout the proceedings. For example, Mr. Hagenstad states that Judge Seitz became unnecessarily hostile with Mr. Kleppin when he raised a Batson challenge. Mr. Hagenstad also complains of certain rulings made during the trial. He claims that when opposing counsel attempted to impeach his testimony, Mr. Kleppin objected that opposing counsel did not provide a copy of the deposition testimony. He

also complains about Judge Seitz's ruling on the Rule 50 motion for judgment as a matter of law.

As additional grounds for recusal, Defendants state that prior to handling this case, Judge Seitz referred Mr. Kleppin to the Florida Bar, the Massachusetts Bar, and the Washington D.C. Bar for disciplinary proceedings arising out of litigation tactics he used in *Bernal v. All American Investment Realty, Inc.*, Case No.1 05-60956-CIV-SEITZ/McAliley.

## II. Legal Standard

Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia*. *Ray v. Equifax Information Servs., LLC*, 2009 WL 977313, *3 (11th Cir. April 13, 2009). Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality. *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000)

## III. Legal Analysis

A. *Motion to Recuse under 28 U.S.C. § 455*

Section 455(a) requires a district judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Section 455(b)(1) requires judges to disqualify themselves "where [they] have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In *Thomas*, the Eleventh Circuit stated:

> Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.
>
> The exception to this rule is when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party. Mere friction between the court and counsel, however, is not enough to demonstrate pervasive bias.

*Id.* (internal quotations omitted) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) and *Hamm v. Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)). Like the Eleventh Circuit in *Thomas*, the Supreme Court explicitly addressed the situation, such as is present in this case, where a party is complaining about a judge's comments during proceedings and her demeanor. The Supreme Court said:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . .*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration- remain immune.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (emphasis in original).

Applying these principles to the facts of this case is not difficult. Defendants complain about Judge Seitz's evidentiary and Rule 50 rulings and *voir dire*; these are proper grounds for appeal and not recusal. *Id.* ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Of course, the irony in this motion to recuse is that the prevailing party is seeking recusal after winning the trial. Thus, there is nothing for the Defendants to appeal.

Defendants also complain about Judge Seitz's hostility to Mr. Kleppin and her demeanor during the trial, which they claim stem from Judge Seitz's prior case, *Bernal*, where she as a judge presided and Mr. Kleppin was involved. This Court first notes that the Defendants failed to seek

recusal prior to the trial even though they now claim that Judge Seitz's alleged bias stemmed from a prior proceeding. Thus, those complaints are not timely. In any event, Judge Seitz's opinions about Mr. Kleppin acquired in prior proceedings cannot be characterized as "bias" or "prejudice." "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id.*, 510 U.S. at 551. Although Judge Seitz's prior interactions with Mr. Kleppin occurred in another case, that is not considered to be the type of "extrajudicial" knowledge that would create bias. *Id.*, 510 U.S. at 545 ("Courts of Appeals considered knowledge (and the resulting attitudes) that a judge properly acquired in an earlier proceeding *not* to be 'extrajudicial'"). As such, Defendants' complaint that Judge Seitz harbored an impermissible predisposition against Mr. Kleppin is insufficient under the *Liteky* standard to require recusal.

At most, Mr. Hagenstad's complaint is that Judge Seitz showed "impatience, dissatisfaction, annoyance, and even anger" with his counsel. *Id.*, 510 U.S. at 555-56. Such conduct does not rise to the level requiring recusal under 28 U.S.C. § 455(a) or (b)(1) and can only be characterized as "mere friction" between the judge and the attorney. *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008); *Thomas*, 293 F.3d at 1329. If it did, judges would constantly be required to recuse. All of the Defendants' complaints consist of judicial rulings, routine trial administration matters, and admonishments to counsel. All of them occurred in the course of the judicial proceedings. Defendants' victory alone shows that they are not the victim of "deep-seated . . .antagonism." Accordingly, the Court denies the motion to recuse under 28 U.S.C. § 455(a) and (b)(1).

B. *Motion to Recuse under 28 U.S.C. § 144*

A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for actual bias,

as well as the appearance of impropriety. The section requires a party's timely affidavit, which must be submitted along with counsel's additional certification of good faith. Section 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. In determining whether recusal is appropriate, therefore, the Court must first determine whether the following three elements have been met: (1) whether a party has made and timely filed an affidavit; (2) whether the affidavit is accompanied by a good faith certificate of counsel; and (3) whether the affidavit is legally sufficient. *Id.*; *Parrish v. Bd. of Comm'rs of the Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (*en banc*).

After reviewing the affidavit, the Court finds it contains some procedural deficiencies. While a party did make the affidavit and it is accompanied by a good faith certificate of counsel, its timeliness is questionable. Courts have construed the timeliness requirement of 28 U.S.C. § 144 to demand that a party raise the disqualification issue at the earliest moment after discovery of the facts supporting recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (holding motion for recusal filed weeks after conclusion of trial was untimely, absent a showing of good cause for tardiness). In this case, the motion and affidavit were filed on April 22, 2009,

over two months after Defendants won the trial in this case and well over a year after this case was filed on January 23, 2008. Defendants have not provided any reason, much less good cause, to show why they waited two months to file the recusal motion after they won the trial.

Putting aside the affidavit's untimeliness, the allegations of bias raised in the affidavit are insufficient to warrant recusal. To be legally sufficient, an affidavit must state with particularity material facts that, if true, would convince a reasonable person that a personal, rather than judicial, bias exists against the party or in favor of the adverse party. *United States v. Spuza*, 194 Fed. Appx. 671, 676 (11th Cir. 2006).

In reviewing the allegations made in Mr. Hagenstad's affidavit and for the reasons stated in the § 455 analysis, the Court again concludes that recusal is improper. Mr. Hagenstad's allegations regarding Judge Seitz's demeanor during trial, her rulings, and her prior judicial dealings with Mr. Kleppin, are insufficient to warrant recusal under 28 U.S.C. § 144. Defendants have pointed to no actual source of bias and the Court cannot discern any allegation in the affidavit that would be sufficient to warrant recusal. Accordingly, the Court denies the motion to disqualify Judge Seitz under 28 U.S.C. § 144.

DONE AND ORDERED in Chambers at Miami, Florida, this 19 day of May, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Honorable Patricia A. Seitz
Counsel of Record